**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | )    **Case No. 17-CR-0051 (BAH)** |
| | ) |
| **RAUL FLORES HERNANDEZ,** | ) |
| **also known as "El Tio,"** | ) |
| | ) |
| **Defendant.** | ) |

**JOINT SUBMISSION REGARDING SENTENCING GUIDELINES**

The United States and Defendant Raul Flores Hernandez, through undersigned counsel, respectfully submit this filing regarding the Defendant's applicable Sentencing Guidelines.  The Defendant is charged in the above-captioned matter with conspiracy to distribute five kilograms or more of cocaine knowing and intending that the cocaine would be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 959(a), 960(a)(3), 960(b)(1), and 963.  The Defendant is scheduled to plead guilty to the single-count indictment on March 8, 2023.  In anticipation of the change of plea hearing, the parties submit their respective positions regarding the Defendant's applicable guidelines range pursuant to the U.S. Sentencing Guidelines Manual (hereinafter, the "Sentencing Guidelines").

Although not binding on the Court or the U.S. Probation Office, the Government takes the position that the following base offense level and additional specific offense characteristic enhancements and adjustments and will present evidence to support them at sentencing:

a. the Defendant is accountable for importation and distribution of cocaine, in the amount of more than 450 kilograms and that, pursuant to Section 2D1.1(c)(1) of the Sentencing Guidelines, the base offense level without adjustments for the crime to which the Defendant is pleading guilty is a **38**;

b.      the Defendant unlawfully imported or exported a controlled substance under circumstances in which an aircraft, other than a regularly scheduled commercial air carrier was used, pursuant to Section 2D1.1(b)(3)(B) of the Sentencing Guidelines, increasing the offense level by **2 levels**;

c.      the Defendant bribed, or attempted to bribe, a law enforcement officer to facilitate the commission of the offense, pursuant to Section 2D1.1(b)(11) of the Sentencing Guidelines, increasing the offense level by **2 levels**; and

d.      the Defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, pursuant to Section 3B1.1 of the Sentencing Guidelines, increasing the offense level by **4 levels**.

It is the government's position that the Defendant's conduct renders him ineligible for relief under the safety valve provision set forth in 18 U.S.C. § 3553(f) and Section 5C1.2 of the Sentencing Guidelines.

Assuming the Defendant clearly demonstrates acceptance of responsibility to the satisfaction of the Government, through his allocution and subsequent conduct following his plea of guilty and prior to the imposition of sentence, the Government agrees that a **2-level** reduction would be appropriate, pursuant to Section 3E1.1(a) of the Sentencing Guidelines.  Furthermore, assuming the Defendant has accepted responsibility as described in the previous sentence, the Government agrees that an additional **1-level** reduction would be appropriate, pursuant to Section 3E1.1(b) of the Sentencing Guidelines, because the Defendant has assisted authorities by providing timely notice of his intention to enter pleas of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

Based on a Criminal History Category I, and assuming the 3-level reduction for timely the Defendant's adjusted offense level is **43** and the applicable Guidelines range is **life** in prison.

Although not binding on the Court or the U.S. Probation Office, the Defendant takes the position that the following base offense level and additional specific offense characteristic enhancements and adjustments apply:

    a.   The Defendant is accountable for the importation and distribution of cocaine, in the amount of between 150 and 450 kilograms, pursuant to Section 2D1.1(c)(2) of the Sentencing Guidelines, the base offense level without adjustments for the crime to which the Defendant is pleading guilty is a **36**.

According to the Defendant, and assuming a 3-point reduction for timely acceptance of responsibility, the resulting adjusted offense level is **33**, and the applicable Guidelines range would be **135 to 168 months** in prison.

Respectfully submitted this 2nd day of March, 2023.

ARTHUR G. WYATT, Chief
Narcotic and Dangerous Drug Section
Criminal Division
United States Department of Justice

/s/ *Sandi S. Rhee*
Sandi S. Rhee, Esq.
228 S. Washington St.
Suite 300
Alexandria, VA 22314
sandirheelaw@gmail.com

Counsel for the Defendant

/s/ *Katharine A. Wagner*
Katharine A. Wagner
Acting Deptuty Chief
Melanie Alsworth
Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division
United States Department of Justice
Washington, D.C. 20530
202-514-4584
katharine.wagner@usdoj.gov

Counsel for the Government

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served on counsel for the Defendant via ECF.

/s/ Katharine A. Wagner
Katharine A. Wagner
Acting Deputy Chief
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice